**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff/Respondent,        )
                                     )
v.                                   ) No. CR-99-9-FHS
                                     )
RICKY LEON DORITY,                   )
                                     )
    Defendant/Petitioner.        )

## OPINION AND ORDER

    Ricky Leon Dority, a prisoner incarcerated in the Federal Correctional Institute, Texarkana, Texas, has filed a Petition for Writ of Audita Querela Pursuant to the All Writs Act (Dkt. No. 45) challenging the 235-month sentence imposed by this Court for his conviction in 1999 on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dority's sentence was based on this Court's finding that Dority qualified for an enhanced penalty under the Armed Career Criminal Act ("ACCA") due to his convictions on three predicate violent felony offenses, including one for escape from a penal institution in 1984. In light of Chambers v. United States, 555 U.S. 122 (2009), Dority contends that his 1984 escape conviction no longer constitutes a violent felony for purposes of the ACCA[1]; consequently, he claims his enhanced sentence is illegal and he is entitled to relief. This Court finds Dority is not entitled to the relief requested in

---

[1] The government agrees that in light of Chambers, Dority's escape conviction under circumstances where he failed to return from a work release program does not constitute a violent felony for purposes of the ACCA.

1

his petition for writ of audita querela.[2]

The writ of audita querela, being a common law writ, is an extraordinary remedy that is available only in compelling circumstances. United States v. Denedo, 556 U.S. 904, 917 (2009). It is used to attack a judgment that was correct when issued but rendered infirm by later matters. United States v. Torres, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). In this case, Dority contends his escape conviction, considered a violent felony under the ACCA at the time of his conviction by virtue of the Tenth Circuit's interpretation in United States v. Moudy, 132 F.3d 618 (10th Cir. 1998), has been rendered infirm by the Supreme Court's decision in 2009 in Chambers. In order to rely on the writ of audita querela, however, Dority must satisfy a number of requirements including a showing that other remedies are unavailable or inadequate and that a trial error occurred that resulted in a complete miscarriage of justice. This Dority cannot do.[3]

---

[2] In addition to a direct appeal and multiple motions to vacate pursuant to 28 U.S.C. § 2255 on other grounds, Dority has asserted his Chambers argument in a 28 U.S.C. § 2241 challenge before the United States District Court for the Eastern District of Texas. Dority's section 2241 petition was dismissed by the District Court of Texas and, on appeal, affirmed by the Fifth Circuit Court of Appeals on the basis that a review was not warranted because Dority could not establish that he had an inadequate or ineffective remedy since he was not claiming actual innocence of the underlying conviction of being a felon in possession of a firearm. Dority v. Roy, 2010 WL 4558884 (5th Cir. 2010). The Supreme Court subsequently denied Dority's petition for writ of certiorari. Dority v. Roy, 131 S.Ct. 3023 (2011).

[3] Having found that Dority cannot establish the prerequisite elements for a writ of audita querela, the Court declines to address the government's alternative argument that Dority has other convictions which render him a career criminal

In Prost v. Anderson, 636 F.3d 578 (10th Cir. 2011), the Tenth Circuit rejected an argument parallel to Dority's when it held that section 2255 was an adequate and effective remedy despite the fact the statutory construction relied upon by the petitioner was contrary to circuit court precedent at the time of the filing of the initial section 2255 motion to vacate. In other words, section 2255 "was fully available and amply sufficient to test" the petitioner's statutory interpretation argument regardless of "whether or not [the petitioner] thought to raise it." Id. at 589. In rejecting the erroneous circuit foreclosure test adopted by other circuits, the Tenth Circuit held:

> The savings clause doesn't guarantee results, only process. Neither does this fact change merely because the court's error on the merits happens to be induced by preexisting circuit precedent. We readily acknowledge that circuit precedent sometimes requires judges to reject a claim on its merits, and sometimes that precedent is quite wrong in doing so. But as we've already detailed at length, the possibility of an erroneous result – the denial of relief that should have been granted – does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause. Whether a statutory interpretation argument is rejected *on the merits* by a circuit court on the basis of a newly crafted but deficient test, or by application of an old but equally bad test found in circuit precedent makes no difference. Legal error has occurred. And whenever legal error occurs it may very well mean *circuit law* is inadequate or deficient. But that does not mean the § 2255 remedial vehicle is inadequate or ineffective to the task of *testing* the argument.

Id. at 590 (emphasis in original). Likewise, in Dority's case, section 2255 was fully available for the testing of the statutory

---

without relying on the escape conviction.

interpretation of his escape conviction for purposes of application of the ACCA.  See United States v. Shipp, 589 F.3d 1084, 1089 (10th Cir. 2009)(recognizing that Chambers applies retroactively to cases on collateral review and finding that Chambers presents a substantive rule of statutory construction, not a new rule of criminal procedure).  Consequently, Dority cannot establish the prerequisite element of an inadequate or ineffective remedy necessary in order to pursue the extraordinary writ of audita querela.

Finally, Dority's petition also fails because he cannot establish that a complete miscarriage of justice exists in the context of the subject sentencing enhancement under the ACCA.  See Reid v. State of Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996)(in the context of writ of habeas corpus brought under 28 U.S.C. § 2254, a challenge to a recidivist enhancement "does not fall within the potential scope of the miscarriage of justice exception") and United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993)(in the context of a second section 2255 motion, a fundamental miscarriage of justice "means only that the petitioner is actually innocent of the offense" and not "that he should have received a lesser sentence").

Based on the foregoing reasons, Dority's Petition for Writ of Audita Querela Pursuant to the All Writs Act (Dkt. No. 45) is denied.

It is so ordered this 6th day of September, 2012.

Frank H. Seay
United States District Judge